UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | **COMPLAINT** |
| Plaintiff, | 2:24-cv-5794 |
| -against- | (_____, J.) |
| | (_____, M.J.) |
| GERSHOW RECYCLING CORPORATION | |
| Defendant. | |

-------------------------------------------------------X

The United States of America, by and through its attorney, Breon Peace, United States Attorney for the Eastern District of New York, acting on behalf of the United States Environmental Protection Agency ("EPA") alleges for its Complaint against Defendant, Gershow Recycling Corporation ("Gershow" or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under Section 113(a)(1) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7413(a)(1), to obtain injunctive relief and civil penalties against Gershow for the operation of its metal shredding facility, located at 71 Peconic Avenue, Medford, New York 11763 ("the Facility"), in violation of the Act and the New York Code of Rules and Regulations ("N.Y.C.R.R."), which is part of the federally enforceable CAA State Implementation Plan ("SIP") for the State of New York.

2. The Defendant failed to install reasonably available control technology ("RACT") on the Facility's metal shredder. Additionally, the Defendant failed to obtain and maintain a Title V operating permit for the Facility that included applicable emission sources.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

4. Venue is proper in this District pursuant to Sections 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations occurred in this District, and the Facility is operated by the Defendant in this District.

## DEFENDANTS

5. Gershow is a corporation headquartered at 71 Peconic Avenue, Medford, New York 11763.

6. Gershow owns and operates the Facility.

7. Gershow is a "person" within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY FRAMEWORK

### The NAAQS

8. Sections 108 and 109 of the CAA, 42 U.S.C. §§ 7408 and 7409, require the EPA to establish national ambient air quality standards ("NAAQS") for each air pollutant that "may reasonably be anticipated to endanger public health or welfare" and whose presence "in the ambient air results from numerous or diverse mobile and stationary sources."

### The New York SIP

9. Section 110(a)(1) of the CAA requires each state to adopt and submit to the EPA for approval a SIP for the implementation, maintenance, and enforcement of each of the NAAQS. 42 U.S.C. § 7410(a)(1).

10. SIPs are federally enforceable under Section 113(a) and (b) of the Act. 42 U.S.C. §§ 7413(a)-(b).

11. 40 C.F.R. § 51.100(s), which applies to SIPs, defines "volatile organic compounds" ("VOC") as "any compound of carbon, excluding carbon monoxide, carbon dioxide, carbonic acid, metallic carbides or carbonates, and ammonium carbonate, which participates in atmospheric photochemical reactions."

12. The following definitions have been approved by EPA and incorporated into New York's SIP:

    a. "Emissions source" means: "Any apparatus, contrivance, or machine capable of causing emission of any air contaminant to the outdoor atmosphere." 6 N.Y.C.R.R. § 200.1(f).

    b. "Potential to emit" means "the maximum capacity of an air contamination source to emit any regulated air pollutant under its physical and operational design… Fugitive emissions, to the extent that they are quantifiable, are included in determining the potential to emit where required by an applicable requirement." *Id*. § 200.1(bl).

    c. "Reasonably available control technology" ("RACT") means "lowest emission limit that a particular source is capable of meeting by application of control technology that is reasonably available, considering technological and economic feasibility." *Id*. § 200.1(bq).

13. The federally approved SIP for the State of New York has included 6 N.Y.C.R.R. § 212-3 ("Reasonably Available Control Technology for Major Facilities").

14. Under 6 N.Y.C.R.R. § 212-3.1(a)(1), facilities in the New York City metropolitan area must demonstrate and implement RACT when they have an annual potential to emit 25 tons or more of VOCs.

15. 6 N.Y.C.R.R. § 212-3.1(b) states that facilities subject to § 212-3.1(a) must submit a compliance plan to the New York State Department of Environmental Conservation ("NYSDEC") by October 20, 1994. The plan must either include RACT analysis required by 6 N.Y.C.R.R. § 212-3.1(c) or a plan to limit annual potential to emit below applicability levels under 6 N.Y.C.R.R. § 212-3.1(d).

16. 6 N.Y.C.R.R. § 212-3.1(c) states that facilities subject to § 212-3.1(a) must also identify RACT for each emission point that emits VOCs for major VOC facilities. A schedule for RACT implementation must be included, as well as an identification of emission points that do not require RACT.

17. The federally approved SIP for the State of New York includes 6 N.Y.C.R.R. Part 202 ("Emissions Verification").

18. Under 6 NYCRR § 202-2.1(a)(1), requirements of 6 N.Y.C.R.R. Subpart 202-2 apply to "any owner or operator of a facility located in New York State which is determined to be a major source…".

19. Major sources must annually report process and fugitive emission of all regulated air contaminants and maintain those reports for five years. 6 N.Y.C.R.R. §§ 202-2.3(a)(3)(xii) and (xiii), -2.3(c)(2), -2.4(a), -2.5(a).

**Clean Air Act Title V Operating Permit**

20. Title V of the CAA requires each "major source" to obtain an operating permit setting forth all air pollution requirements applicable to that source. It also creates state and federal

4

programs to issue Title V permits. 42 U.S.C. § 7661a(a), (d).

21. Under Section 502(a) of the CAA, 42 U.S.C. § 7661a(a), it is unlawful to operate a source subject to Title V unless the operation complies with a permit issued by a permitting authority under Title V.

22. Section 502(d) of the CAA, 42 U.S.C. § 766a(d), and 40 C.F.R. §70.4 require states to submit a permitting program to the EPA for approval. States can administer their own EPA-approved Title V operating permit programs.

23. On January 31, 2002, the EPA granted full approval of the New York State Title V Operating Permit Program. 67 Fed. Reg. 5216 (Feb. 5, 2002).

24. The New York State Title V Facility Permit Regulations ("Title V Regulations"), 6 N.Y.C.R.R. Part 201-6, implement many CAA requirements and apply to, among other things, any "major facility." 6 N.Y.C.R.R. § 201-6.1(a)(1).

25. Under 6 N.Y.C.R.R. § 201-6.1(a), before operating the source, an owner or operator of a major source must obtain an operating permit ("Title V Permit") that includes all applicable emission sources.

## GENERAL ALLEGATIONS

26. Gershow is the owner and operator of a scrap metal processing Facility at 71 Peconic Avenue, Medford, New York 11763 located in Suffolk County, in the New York City metropolitan area.

27. The Facility operates a metal shredder, constructed in 1980, to process scrap automobiles and other scrap metal materials. The materials are broken down by a shredder into metal and non-metal materials. Non-metal materials can incinerate/vaporize and become organic air emissions, and the process of shredding these materials generates VOC emissions.

28. Metal shredding operations employ processes that may cause high levels of VOC emissions.

29. Significant amounts of non-metal materials are contained in the shredded materials, which can vaporize and become organic air emissions. These materials include plastics, paints, caulks, sealants, rubber, switches, fluids, and fluid residues.

30. VOC emissions can contribute to the formation of ground level ozone and contribute to violations of the NAAQS for ozone.

31. On May 14, 2007, NYSDEC renewed Gershow's Title V permit (Permit ID: 1-4722-00967/00009) under 6 N.Y.C.R.R. §201-4. The permit was set to expire May 13, 2012, but it was administratively extended after Gershow's timely renewal application to NYSDEC.

32. Gershow's Title V permit was issued based on the Facility's operation of three natural gas engines and one diesel generator that, in total, had the potential to emit NOx (nitrogen oxides) in excess of 25 tons per year.

33. Gershow no longer uses natural gas engines in its metal shredding processes at the Facility.

34. Gershow has not, and does not, employ a control device that meets minimum RACT requirements to limit its VOC emissions.

35. According to a 2018 EPA Inspection and other information provided by Gershow, Gershow has not conducted any testing of VOC emissions from the Facility's metal shredder or submitted any test notices or protocols to NYSDEC for VOC emissions testing of the shredder.

36. The Facility is a "major source" subject to 6 N.Y.C.R.R. §§ 201-6.1(a)(1), 202-2, and 212-3.1, because it has potential to emit in excess of 25 tons per year of VOCs, and the potential to emit more than 3.0 pounds of VOC per hour or 15 pounds of VOC per day.

37. Gershow has not submitted a proposed alternative Facility-specific VOC compliance plan as required by 6 N.Y.C.R.R. § 212-3.1(b).

38. Gershow does not have a Title V Permit that incorporates VOC RACT requirements as required by 6 N.Y.C.R.R. § 212-3.1(b) and (c).

39. Gershow does not maintain federally enforceable permit conditions that restrict or cap VOC emissions below 25 tons per year pursuant to 6 N.Y.C.R.R. § 212-3.1(b) and (c).

## CLAIMS FOR RELIEF

### COUNT 1
### Failure to Operate with VOC Controls that Meet RACT Requirements

40. Defendant failed to operate the Facility's metal shredder with VOC controls that meet RACT requirements in violation of 6 N.Y.C.R.R. § 212-3.1.

### COUNT 2
### Failure to Annually Report and Maintain Reports of Air Contaminant Emission

41. Defendant failed to annually report, and maintain reports of, process and fugitive emissions of all regulated air contaminants, including VOCs, as required by 6 N.Y.C.R.R. §§ 202-2.3(a)(3)(xii) and (xiii), (c)(2), 202-2.4(a), and 202-2.5(a).

### COUNT 3
### Failure to Operate With Required Permits

42. Defendant operated and continues to operate the major source Facility without obtaining and maintaining required permits that include all applicable emission sources of VOCs in violation of 6 N.Y.C.R.R. §§ 201-6 and Section 502 of the CAA.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court:

A. Order Defendant to operate the Facility metal shredder with VOC controls that meet RACT requirements and to obtain and maintain the required permits for the Facility that include all applicable emission sources of VOCs.

B. Order that Defendant be assessed a civil penalty pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Debt Collection Improvement Act, 31 U.S.C. § 3701 *et seq.*, and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, Title VII § 701.

C. Order Defendant to mitigate the harm caused by the excess VOC emissions that would not have occurred but for Defendant's noncompliance with the RACT requirements.

D. Award the United States its costs and disbursements in this action; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

Dated: Brooklyn N.Y,

August 20, 2024

BREON PEACE
United States Attorney
Eastern District of New York
Attorney for Plaintiff
610 Federal Plaza
Central Islip, New York 11722-4454

By:  *s/ Thomas R. Price*
THOMAS R. PRICE
MATTHEW SILVERMAN
Assistant U.S. Attorneys
631-715-7893/718-254-6409
Thomas.Price@usdoj.gov
Matthew.Silverman@usdoj.gov